UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FERNANDO JUSTINO SANTANA,

               Plaintiff,

        v.

SHOOK HARDY & BACON, KELLY FRAZIER, SCOTT CHESIN, FORREST SOLUTIONS and GARY STANEK,

               Defendants.

No. 25-CV-5088 (RA)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

RONNIE ABRAMS, United States District Judge:

      Plaintiff, Fernando Justino Santana, who is appearing *pro se*, filed this action alleging employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296, and the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code § 8-101, *et seq.*, by Defendants Shook Hardy & Bacon and its employees Kelly Frazier and Scott Chesin, as well as Forrest Solutions and its employee Gary Stanek. Plaintiff has failed, however, to allege discrimination or retaliation on the basis of a protected characteristic as required by Title VII, the NYSHRL, and the NYCHRL. As a result, the Court dismisses the Complaint but allows Plaintiff 30 days' leave to amend his Complaint.

**STANDARD OF REVIEW**

      The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

      While the law mandates dismissal on any of these grounds, the Court is also obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). The "special solicitude" the Court affords in *pro se* cases, *id*. at 475, however, has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The Court draws the following facts from the operative complaint, opposition to Defendants' motions, and the exhibits attached thereto, accepting "well-pleaded factual allegations" as true for purposes of resolution of the pending motion to dismiss. *Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020).

In September 2023, Plaintiff was hired by staffing agency Forrest Solutions and assigned to work at Shook Hardy & Bacon as a Lead Office Service Associate. Dkt. No. 1 ("Compl.") at 8–10; Dkt. No. 22, Ex. H at 2. Plaintiff alleges that throughout his course of employment, he was required to perform a variety of tasks he characterized as menial like carpet cleaning and ironing, as well as others that he found disturbing, like picking up one of the Defendants' friends who had been convicted of sex offenses from the airport. *See id.* Plaintiff was vocal about his treatment at the company, and was ultimately terminated on February 28, 2025, which he attributes to retaliation in violation of his civil rights. Compl. 8–10; Dkt. No. 22, Ex. H at 3.

On March 24, 2025, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), seeking a notice of right to sue on the grounds that he had been discriminated against, harassed, and retaliated against in violation of Title VII. Compl. 8–10.[1] Although Title VII prohibits discrimination based on race, color, religion, sex, and national origin, the

---

[1] "Courts in this Circuit have repeatedly held that when EEOC charges are expressly referred to in the pleading, they may be considered incorporated by reference." *Muhammad v. New York City Transit Auth.*, 450 F. Supp. 2d 198, 204 (E.D.N.Y. 2006).

EEOC Charge did not allege discrimination on the basis of any such protected categories. Compl. 10. On March 27, 2025, the EEOC granted Plaintiff the right to sue but notified him that it had terminated its processing of the charge. *See* Dkt. No. 22, Ex. G.

Plaintiff commenced this action on June 12, 2025, alleging violations of Title VII of the Civil Rights Act of 1964. In response to Plaintiff's Complaint, on August 14, 2025, Defendants Forrest Solutions and Gary Stanek filed a motion to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* and stay this action during arbitration proceedings. *See* Dkt. Nos. 10–13. Shortly thereafter, Defendants Shook Hardy & Bacon, Scott Chesin, and Kelly Frazier moved to join co-Defendants' Forrest Solutions and Stanek's motion to compel arbitration. *See* Dkt. Nos. 17–19. Plaintiff then filed an opposition to the motion to compel arbitration, further alleging violations of the NYSHRL and the NYCHRL. *See* Dkt. No. 22, Ex. H. at 1.

In spite of the fact that these motions have been briefed, the Court nonetheless reviews Plaintiff's Complaint *sua sponte* for dismissal.

## DISCUSSION

**A.    Dismissal of Plaintiff's Complaint**

Plaintiff's Complaint is premised on unprofessional treatment he endured at the hands of Defendants. Compl. 8–10; Dkt. No. 22, Ex. H. Title VII, the NYSHRL, and the NYCHRL, however, do not serve to remedy non-discriminatory workplace grievances. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)); *Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 248–49 (E.D.N.Y. 2015); *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) ("When applying this standard, however, district courts must be mindful that the NYCHRL is not a general civility code. The plaintiff still bears the burden of showing that the conduct is caused by a discriminatory motive. It is not enough that a plaintiff has an overbearing or obnoxious boss.") (internal quotation marks and citation omitted).

Instead, the anti-discrimination statutes invoked in the Complaint prohibit employers and employment agencies from mistreating an individual because of the individual's protected characteristics, including an individual's race, color, religion, sex, or national origin, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes. *See Crawford v. Metro. Gov't of Nashville and Davidson Cnty., Tenn.*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct, however, is not actionable under these statutes. *See Soloviev*, 104 F. Supp. 3d at 248–49.

The facts alleged in the Complaint—that Plaintiff was mistreated at work and ultimately terminated for various actions, including applying for a new position and refusing a managing partner's request—do not suggest that any protected characteristics like race, color, religion, sex, or national origin, were a motivating factor. Moreover, his assertions that he experienced "unlawful discrimination, [a] hostile work environment, retaliation . . . [and] differential treatment," are conclusory and do not support a claim for discrimination under any of the statutes invoked. Dkt. No. 22, Ex. H. at 2. As a result, Plaintiff's allegations do not state a claim arising under Title VII, the NYSHRL, or the NYCHRL, upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Brown v. Nelson*, No. 5-CV-4498, 2008 WL 4104040, at *4 (S.D.N.Y. Aug. 29, 2008) ("A complaint is frivolous if it lacks arguable basis either in law or in fact.") (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

**B.    Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861

F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to allege additional facts to support his claim, the Court grants him 30 days to amend his Complaint to detail his allegations.

Plaintiff is advised that, if he seeks assistance, he may consult with the Civil Bar Justice Center's clinic for *pro se* litigants by visiting its website at www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project, by calling (212) 382-4794, or by emailing fedprosdny@nycbar.org. This clinic, which is neither part of nor run by the Court, assists *pro se* litigants with federal civil case.

If Plaintiff does not file an Amended Complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**C.    Leave to Refile Motion to Compel Arbitration**

Should Plaintiff amend his Complaint within the time allowed, Defendants may re-file their motions to compel arbitration and to stay this action, and Plaintiff may re-file his opposition.

## CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is hereby dismissed for failure to state a claim, with 30 days' leave to replead. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is respectfully directed to terminate any pending motions, Dkt. Nos. 10, 17, 21, hold this matter open on the docket until a civil judgment is entered, and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:    September 2, 2025
         New York, New York

---
RONNIE ABRAMS
United States District Judge